IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

PAUL LAWRENCE ALEXANDER,

    Petitioner,                    No. 2:08-cv-1817 LKK JFM (HC)

    vs.

DERRAL G. ADAMS, Warden,

    Respondent.                 ORDER

_____/

    Petitioner is a state prisoner proceeding pro se with a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. On February 22, 2209, petitioner filed his traverse and the matter was submitted for decision. Presently calendared for hearing on November 19, 2009 is petitioner's motion to expand the record pursuant to Rule 7(a) of the Rules Governing Section 2254 Cases. Pursuant to Local Rule 78-230(h), the court has determined that the matter will be submitted on the papers without oral argument. Upon review of the motion and the documents in support and opposition, and good cause appearing therefor, THE COURT MAKES THE FOLLOWING FINDINGS:

    Petitioner presents a declaration of Carol Alexander, petitioner's mother, in support of his claim that his attorney provided constitutionally inadequate assistance by failing to allow petitioner to testify. There is no dispute that her declaration is related to this claim. <u>See</u> Rule 7, 28 U.S.C. foll. § 2254.

In their written opposition to the motion, respondents contend that the record should not be expanded to include the declaration because it is hearsay and was not presented to the state court, and will render the claim unexhausted. This contention is without merit. "'[N]ew factual allegations do not render a claim unexhausted unless they "fundamentally alter the legal claim already considered by the state courts."' Chacon v. Wood, 36 F.3d 1459, 1468 (9th Cir.1994) (quoting Vasquez v. Hillery, 474 U.S. 254, 260, 106 S.Ct. 617, 88 L.Ed.2d 598 (1986))." Belmontes v. Brown, 414 1094, 1117 (9th Cir. 2005). The facts presented in Ms. Alexander's declaration do not "fundamentally alter" petitioner's ineffective assistance of counsel claim, and admission of the declaration will not render that claim unexhausted.

Respondent also argues that as a general rule § 2254(d) limits the availability of habeas corpus relief to circumstances where a state court's denial of habeas corpus relief was based on an unreasonable application of the facts before the state court, thus limiting the federal court to the factual record that was before the state court, that pursuant to Holland v. Jackson, 542 U.S. 649 (2004) and Cooper-Smith v. Palmateer, 397 F.3d 1236 (9th Cir. 2005), new evidence can only be used in a federal habeas corpus proceeding when it meets the standard set forth in § 2254(e)(2) for an evidentiary hearing, and that petitioner has not satisfied that requirement.

In Holland, the United States Supreme Court held that, whether or not a federal habeas petitioner seeks an evidentiary hearing, new evidence may only be considered in a federal habeas corpus proceeding when the failure to develop the facts in state court are not the petitioner's fault, or when the requirements of 28 U.S.C. § 2254(e)(2) are satisfied.[1] Holland,

---

[1] That section provides:

> 2) If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that--
>
> (A) the claim relies on--

124 S.Ct. at 2738 (citing Williams v. Taylor, 529 U.S. 420, 431-437 (2000)).  In Cooper-Smith, the United States Court of Appeals for the Ninth Circuit held that it is proper to require a petitioner to make the showing required by § 2254(e)(2) when seeking to expand the record pursuant to Rule 7, 28 U.S.C. foll. § 2254.  Cooper-Smith, 397 F.3d at 1241.

In Williams, the United States Supreme Court held in relevant part that "[i]f there has been no lack of diligence at the relevant stages of the state court proceedings, the prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be excused from showing compliance with the balance of the subsection's requirements."  Williams, 529 U.S. at 437.

> Ordinarily diligence requires that a petitioner seek an evidentiary hearing in state court in the manner prescribed by state law.  [Williams, at 437.]  Under California law, an appellate court, when presented with a state habeas petition, determines whether an evidentiary hearing is warranted only after the parties file formal pleadings, if they are ordered to do so.  See People v. Duvall, 9 Cal.4th 464, 37 Cal.Rptr.2d 259, 886 P.2d 1252, 1258-61 (1995); People v. Romero, 8 Cal.4th 728, 35 Cal.Rptr.2d 270, 883 P.2d 388, 391-94 (1994).  [Where] the California Supreme Court summarily denie[s] a state habeas petition without ordering formal pleadings [the petition] never reache[s] the stage of the proceedings at which an evidentiary hearing should be requested, [the petitioner] has not shown "a lack of diligence at the relevant stages of the state court proceedings" and therefore is not subject to AEDPA's restrictions on evidentiary hearings.

Horton v. Mayle, 408 F.3d 570, 582 n.6 (9th Cir. 2005).

---

> (i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B) the facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2254(e)(2).

The ineffective assistance of counsel claim at bar was presented to the state courts in a petition for review filed in the California Supreme Court on September 13, 2007. (Resp't's Lodged Doc. 3.) The California Supreme Court summarily denied that petition by order filed November 14, 2007, without ordering formal briefing. (Resp't's Lodged Doc. 4.) Petitioner did not, therefore, show a lack of diligence in the state court proceedings and is not required to make a showing under § 2254(e)(2) in order to prevail on the instant motion. See Horton, supra.

For all of the foregoing reasons, petitioner's motion to expand the record will be granted. Respondent will be given an opportunity to respond to Ms. Alexander's declaration. See Rule 7(c), 28 U.S.C. foll. § 2254.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The hearing date of November 19, 2009 on petitioner's motion to expand the record is vacated.

2. Petitioner's October 7, 2009 motion to expand the record is granted.

3. The record is expanded to include the declaration of Carol Alexander.

4. Within thirty days from the date of this order respondent may file and serve a written response to Ms. Alexander's declaration.

DATED: November 17, 2009.

UNITED STATES MAGISTRATE JUDGE

001; alex1817.expg