1
2
3
4
5
6
7
8              IN THE UNITED STATES DISTRICT COURT

9            FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL LAWRENCE ALEXANDER

11              Petitioner,              No. 2:08cv1817 LKK KJN P

12        vs.

13   DERRAL G. ADAMS

14              Respondents.            <u>ORDER</u>

15   _____/

16          Petitioner is a state prisoner proceeding with counsel with an application for writ

17   of habeas corpus under 28 U.S.C. § 2254.  He has moved to expand the court record pursuant to

18   Rules 7(a) and (b) governing cases filed under § 2254 in a United States district court.  The

19   motion was heard on May 13, 2010.  At the conclusion of the hearing, the court ordered

20   supplemental briefing on the timing of petitioner's motion, which comes some six months after

21   petitioner submitted a similar motion to expand the record and several years after the conclusion

22   of state court proceedings.  Upon review of the motion, documents in support and opposition,

23   and having considered the argument of counsel for both parties at the hearing, THE COURT

24   MAKES THE FOLLOWING FINDINGS:

25          Petitioner seeks to include in the record the sworn affidavit of Terri Shaffer,

26   petitioner's sister.  Petitioner submits the affidavit in support of his claim that he was rendered

ineffective assistance of counsel during trial, in violation of his right to counsel under the Sixth

Amendment.  Specifically, Ms. Shaffer swears that she has "firsthand, personal knowledge" that

petitioner wanted to testify at his criminal trial and that she observed and overheard tense

conversations between petitioner and his counsel, Paul Chan, who, according to Ms. Shaffer, said

"it would not be a good idea."  Decl. of Terri Shaffer ¶¶ 4-5 (Dkt. No. 38-2).  Despite his alleged

desire to take the witness stand, petitioner never testified.  For her part, Ms. Shaffer appeared as a

witness at petitioner's motion for a new trial, on June 3, 2005.  She testified about her knowledge

of conversations between petitioner and Mr. Chan concerning whether petitioner should testify in

his own defense.

Respondent opposes the motion, arguing <u>inter alia</u> that 28 U.S.C. § 2254 bars

expansion of the record to include evidence that was not presented in state court.[1]  Rule 7 of the

Rules Governing § 2254 cases allows the district court to expand the record without holding a

hearing to adduce the additional evidence.  <u>Cooper-Smith v. Palmateer</u>, 397 F.3d 1236, 1241 (9th

Cir. 2005) (citing 28 U.S.C. foll. § 2254, Rule 7).  However, before the record may be

supplemented with new evidence, a petitioner must meet the standards set forth in 28 U.S.C. §

2254(e)(2) for the conducting of an evidentiary hearing.  <u>Id</u>.  That statute provides:

> (2)   If the applicant has failed to develop the factual basis of a claim in State court proceedings, the court shall not hold an evidentiary hearing on the claim unless the applicant shows that –
>
> (A)   The claims relies on –
>
> (i)  a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
> (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence; and
>
> (B)   The facts underlying the claim would be sufficient to establish by clear and convincing evidence that but for constitutional error, no reasonable fact-finder would have found

---

[1] Respondent also objects that addition of the affidavit would render petitioner's ineffective assistance of counsel claim unexhausted and that the affidavit is inadmissible hearsay.

1    the applicant guilty of the underlying offense.

2        In Williams v. Taylor, 529 U.S. 420, 437 (2000), the Supreme Court held that

3    "[i]f there has been no lack of diligence at the relevant stages of the state court proceedings, the

4    prisoner has not 'failed to develop' the facts under § 2254(e)(2)'s opening clause, and he will be

5    excused from showing compliance with the balance of the subsection's requirements."

6        In his supplemental brief, petitioner does not argue that he was sufficiently

7    diligent in developing his claim in state court such that expanding the record to include Ms.

8    Shaffer's declaration is appropriate under § 2254(e)(2).  Instead, he argues that the declaration is

9    not "new" evidence at all and therefore not subject to § 2254(e)(2)'s restrictions.  He argues that

10   "Ms. Shaffer's declaration is entirely consistent with the testimony she proffered at the motion

11   for new trial in which she was subject to cross-examination."  Pet. Supp. Brief at 3 (Dkt. No. 45).

12   He contends that Shaffer's testimony at the hearing was "discontinuous and disjunctive," and her

13   sworn declaration, submitted nearly five years later, "is necessary to ensure that the meaning and

14   significance of this specific testimony is included in petitioner's record."  Id. at 2-3.

15       Without ruling on whether "ambiguous" testimony in state court opens the door to

16   expansion of the record without abiding by the restrictions of § 2254(e)(2), the court rejects

17   petitioner's premise that Ms. Shaffer's testimony at the hearing on the motion for new trial was

18   so ambiguous as to warrant subsequent clarification.  Counsel for petitioner at the state court

19   hearing, Richard Dudek – who happens to be counsel of record in this action as well – elicited

20   clear answers from Ms. Shaffer on the subject of her brother's desire to testify and his

21   conversations with Chan, his lawyer at the trial.  Ms. Shaffer's testimony is not confusing: she

22   either answers the questions to the extent of her knowledge or she says that she does not know

23   the answer or cannot recall.  At the hearing, she stated that she was present during a conversation

24   between her brother and Mr. Chan regarding whether he would testify, but she did not recall how

25   they left that discussion.  See Trial Transcript at 640.  In her affidavit, she adds to her

26   recollection, stating that during the conversation, Mr. Chan "reacted in a very abrupt and

3

dismissive manner" and petitioner "seemed to [become] very excited and agitated."  Shaffer

Decl. ¶ 6.  Her new declaration does not resolve ambiguity in her earlier testimony; it simply

attempts to color her description at the hearing about a conversation she observed between her

brother and his counsel.  Petitioner provides no authority, nor is the court aware of any, that

would allow an affidavit to revise previous testimony that, in the retrospective light of a

subsequent habeas action, a petitioner wishes had been more strongly worded in his favor when it

was given.

Petitioner also does not sufficiently answer a key question posed at the hearing on

his motion to expand the record and sought in the supplemental briefs ordered by the court –

namely, why almost five years passed between Ms. Shaffer's testimony in state court and the

submission of her sworn affidavit.  Along with petitioner's supplemental brief, the court has

received the declaration of Efren B. Williams, a California attorney who states that he has been

"assisting attorney Richard T. Dudek regarding the federal habeas corpus petition which he is

litigating on behalf of his client, petitioner Paul Lawrence Alexander."  Decl. of Erfren B.

Williams ¶ 2 (Dkt. No. 46).  He explains that he did not "verif[y] for myself that Ms. Shaffer had

testified during Mr. Alexander's motion for new trial" until sometime in February or March

2010.  Id. ¶ 6.  But Mr. Williams is not counsel of record in this case.  Mr. Dudek is petitioner's

counsel and was petitioner's counsel at the hearing on the motion for a new trial in state court in

June 2005.  Mr. Dudek called Ms. Shaffer to testify at that hearing, asked her questions about

petitioner's communications with his trial counsel, listened to her answer questions on cross-

examination, and declined the opportunity to ask questions on re-direct.  See Trial Transcript at

637-42.  Mr. Dudek indisputably knew the contents of Shaffer's testimony at all times during the

pendency of this action and, before that, petitioner's state habeas proceedings.  Tellingly, he did

not seek to clarify any ambiguities in Shaffer's testimony when she gave it at the state court

hearing or at any time during the state habeas proceedings.  Moreover, there still is no word from

Mr. Dudek explaining the long passage of time between Ms. Shaffer's testimony and the

submission of her affidavit.

Respondent has lodged other objections to the admission of Ms. Shaffer's declaration, but the court need not reach those issues. Petitioner has failed to justify the very long delay in procuring Ms. Shaffer's affidavit, and he has provided no authority that would allow a witness in a state court proceeding to revise or bolster clear statements she gave previously under oath. For those reasons, the motion to expand the record will be denied.

Accordingly, IT IS HEREBY ORDERED that the motion to expand the record (Dkt. No. 36) is denied.

DATED: June 24, 2010

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

alex1817.oah