1

2

3

4

5

6

7

8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   PAUL LAWRENCE ALEXANDER

11            Petitioner,                    No. 2:08-cv-1817 LKK KJN P

12       vs.

13   DERRAL G. ADAMS

14            Respondent.             <u>ORDER</u>

15   _____/

16            Petitioner is a state prisoner proceeding with counsel with an application for writ

17   of habeas corpus under 28 U.S.C. § 2254.  On October 4, 2010, petitioner filed a motion for

18   evidentiary hearing.  Petitioner seeks the testimony of petitioner and witness Carol Alexander to

19   develop the factual bases for petitioner's claim, to allow the court to assess the credibility of both

20   Ms. Alexander and petitioner, to correct an alleged factual mistake in the Court of Appeal

21   opinion, and to determine whether the trial court knew petitioner wished to testify.  Respondent

22   counters, inter alia, that there is no need for an evidentiary hearing as this case can be resolved on

23   the instant record.

24            The motion was heard on November 4, 2010.  Upon review of the motion,

25   documents in support and opposition, and having considered the arguments of counsel for both

26   parties at the hearing, THE COURT MAKES THE FOLLOWING FINDINGS:

1

1    Because it was filed after April 24, 1996, this case is governed by the

2    Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254 ("AEDPA").  Lindh v.

3    Murphy, 521 U.S. 320, 336 (1997); see also Woodford v. Garceau, 538 U.S. 202, 210 (2003).

4    To obtain an evidentiary hearing, a petitioner must meet the standards set forth in 28 U.S.C.

5    § 2254(e)(2) for the conducting of an evidentiary hearing.  Id.  That statute provides:

6        (e)(2) If the applicant has failed to develop the factual basis of a
         claim in State court proceedings, the court shall not hold an
7        evidentiary hearing on the claim unless the applicant shows that-

8            (A) the claim relies on-

9            (i) a new rule of constitutional law, made retroactive to cases on
             collateral review by the Supreme Court, that was previously
10           unavailable; or

11           (ii) a factual predicate that could not have been previously
             discovered through the exercise of due diligence; and
12
             (B) the facts underlying the claim would be sufficient to establish
13           by clear and convincing evidence that but for constitutional error,
             no reasonable fact finder would have found the applicant guilty of
14           the underlying offense[.]

15   28 U.S.C. § 2254(e)(2).

16   Under this statutory scheme, a district court presented with a request for an

17   evidentiary hearing must first determine whether a factual basis exists in the record to support a

18   petitioner's claims and, if not, whether an evidentiary hearing "might be appropriate."  Baja v.

19   Ducharme, 187 F.3d 1075, 1078 (9th Cir. 1999); see also Earp v. Ornoski, 431 F.3d 1158, 1166

20   (9th Cir. 2005); Insyxiengmay v. Morgan, 403 F.3d 657, 669-70 (9th Cir. 2005).  A petitioner

21   requesting an evidentiary hearing must also demonstrate that he has a "colorable claim for relief."

22   Earp, 431 F.3d at 1167 (citations omitted).  To show that a claim is "colorable," a petitioner must

23   also "allege[ ] facts that, if proved, would entitle him to relief."  Schell v. Witek, 218 F.3d 1017,

24   1028 (9th Cir. 2000).  This court is required to take into account the AEDPA standards in

25   deciding whether an evidentiary hearing is appropriate.  Schriro v. Landrigan, 550 U.S. 465, 473-

26   74 (2007).

1    In the instant case, the court has benefit of declarations by petitioner and Carol

2  Alexander.  In addition, respondent has lodged the reporter's transcript from the trial as well as

3  from oral argument on petitioner's motion for new trial, held on June 3, 2005.  The judge who

4  presided over petitioner's underlying criminal trial also heard petitioner's motion for new trial.

5  Petitioner's defense attorney testified at the motion for new trial, as well as petitioner's sister,

6  Terri Shaffer.  Testimony was also provided by an experienced criminal attorney, David Muller,

7  who rendered his professional opinion as to defense counsel's performance.  This court

8  concludes that no additional factual supplementation is necessary at this time; therefore,

9  petitioner's motion will be denied without prejudice.

10    Petitioner also contends that an evidentiary hearing is required to determine

11  whether the trial court was ever aware of petitioner's desire to testify.  Petitioner claims the trial

12  judge's recollection of events outside the courtroom on October 4, the day the prosecution rested,

13  indicates the trial judge was aware of petitioner's desire to testify and triggered a duty for the trial

14  judge to inquire of petitioner whether he wished to testify and to inform petitioner he had a

15  constitutional right to testify despite defense counsel's advice to the contrary.

16    The transcript from the oral argument on petitioner's motion for new trial sets

17  forth the remarks made by the trial judge.  During the initial examination of Paul Chan,

18  petitioner's defense attorney, Mr. Chan was having difficulty recalling the specific time when he

19  was talking to petitioner's sister or one of his family members.  (Reporter's Transcript II ("RT")

20  at 557.)  The prosecution asked to approach, at which point a sidebar was held off the record.

21  (RT 558.)  When the court returned to the record, the following occurred:

22        THE COURT:  Counsel, it may be of some help to you, Mr. Chan.
          I'm looking at the clerk's minutes, and the Monday that we've
23        been talking about is Monday, October 4th, and that's the day
          where the prosecution rested at 10:19 in the morning.  We then
24        entertained your defense motion under 1118.  We received jury
          instructions, ordered the defendant to return at 1:30.  And it was
25        over that lunch hour that the question of whether you were going to
          put your client on was – that would have been when you had made
26        that decision.

1        I do recall, and I will state this to help counsel, that it was at that
time as I was walking to go to lunch, I recall specifically stepping
2    out of the elevator and you, your client and I believe his sister or
sisters, I know there was about –

3

4    THE DEFENDANT:  One sister.

5    THE COURT:  One sister.  There was a conversation right there by
the elevator by the first floor of the Sacramento Courthouse, and of
6    course I didn't try to listen to the conversation, but I was curious
because obviously I knew everybody that was involved.  So I recall
7    specifically seeing you talk to them at that point, and that would
have been on Monday right around noon.  So if that helps you
8    focus your comments, that's the reason for my comment.

9    THE WITNESS:  Yeah, it does.

10   (RT 558-59.)  The opinion of the Third District Court of Appeal also addresses this issue.  This

11   court finds that an evidentiary hearing to obtain the testimony of petitioner and Ms. Alexander

12   would not clarify the issue as to what the trial court knew concerning petitioner's desire to

13   testify.  Therefore, petitioner's request for an evidentiary hearing on this issue will also be

14   denied.

15       Accordingly, IT IS HEREBY ORDERED that the motion for evidentiary hearing

16   (Dkt. No. 49) is denied without prejudice.

17   DATED:  November 4, 2010

18

19                                                      _____
                                                        KENDALL J. NEWMAN
20                                                      UNITED STATES MAGISTRATE JUDGE

21   alex1817.oah2

22

23

24

25

26

4